UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILLIE COX, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:19-cv-2586-JAR |
| ) | |
| UNKNOWN ATCHISON, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff Willie Cox, Jr. for leave to proceed in forma pauperis in this civil action. Upon consideration of the motion and the financial information provided in support, the Court concludes that plaintiff is unable to pay the filing fee. The motion will therefore be granted. Additionally, the Court will dismiss the complaint, without prejudice.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial

experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even pro se complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

### The Complaint[1]

Plaintiff states he brings this action pursuant to 42 U.S.C. § 1983 against "Unknown Atchison," a police officer. Plaintiff does not specify the capacity in which he sues Atchison. Plaintiff's cause of action stems from a traffic stop conducted by Atchison on a "date and approximate time" shown on "the original citation." However, plaintiff did not provide a copy of

---

[1] Since September 17, 2019, plaintiff has filed fifteen similar actions in this Court, including this one. *See Cox v. Lang*, 4:19-cv-02585-NAB (E.D. Mo. Sept. 17, 2019), *Cox v. Atchison*, 4:19-cv-02586-JAR (E.D. Mo. Sept. 17, 2019), *Cox v. Hartman*, No. 4:19-cv-2587 (E.D. Mo. Sept. 17, 2019), *Cox v. Anello*, 4:19-cv-02588-AGF (E.D. Mo. Sept. 17, 2019), *Cox v. Walz*, 4:19-cv-02589-SRC (E.D. Mo. Sept. 17, 2019), *Cox v. Hulsey*, 4:19-cv-02592-SRC (E.D. Mo. Sept. 17, 2019), *Cox v. Morrow*, 4:19-cv-02593-JAR (E.D. Mo. Sept. 17, 2019), *Cox v. Grammer*, 4:19-cv-02662-PLC (E.D. Mo. Sept. 30, 2019), *Cox v. Crotzer*, 4:19-cv-02727-RLW (E.D. Mo. Oct. 7, 2019), *Cox v. Dewly*, 4:19-cv-02744-JAR (E.D. Mo. Oct. 9, 2019), *Cox v. Dodson*, 4:19-cv-02748-AGF (E.D. Mo. Oct. 9, 2019), *Cox v. Walker*, 4:19-cv-02764-RLW (E.D. Mo. Oct. 10, 2019), *Cox v. City of University City, Missouri*, 4:19-cv-02923-JCH (E.D. Mo. Oct. 28, 2019), *Cox v. Brentwood, Missouri, City of*, 4:19-cv-03067-PLC (E.D. Mo. Nov. 7, 2019), and *Cox v. City of Clayton*, 4:19-cv-03091-RLW (E.D. Mo. Nov. 12, 2019).

the citation, nor did he specify the name of the particular county in which the traffic stop took place.

Plaintiff's allegations in support of his claim are best understood if directly quoted. They are as follows.

> The date and approximate time are on the original citation. I was going north on Maywood and I noticed a police car in front of me, he was finishing up with another vehicle that he had pulled over. I proceeded past him and suddenly the same police car was behind me with flashing lights. I pulled to a stop and he got out of his car and said, my light were [sic] not on, I checked the dashboard lights and they were on, so I asked him if I could take a look, he said no remain in the vehicle, he then asked for my license and proof of insurance. I gave him my license and insurance card. He said that the card was void. He went to his car for approximately 10 minutes, got out and gave me the citation. Then I asked him again can I get out to check the lights, when he and I went to the front of my vehicle the headlights were on. He said that the lights were not bright enough. He said it's all on video. A few days later I filed for discovery and the clerk wrote me that they had no video. Case pending. He wrote on the citation about the accent lights which are not illegal in the state of Missouri.

(ECF No. 1 at 5). While plaintiff avers that his case is "pending," he does not identify any particular case. According to Missouri Case.net, plaintiff is a defendant in several cases that are currently pending in different municipal courts. However, determining which one of those cases relates to the allegations in the complaint at bar would require the Court to engage in improper speculation.

In an attachment to the complaint, plaintiff writes: "Fiduciary duty violation, probable cause violation, illegal citation, no corpus delicti, no mens rea, no actus reus." (ECF No. 1, attch. 1 at 2). Plaintiff states that a "clear and powerful" message must be sent because "they are making up laws on the street, but the actual ordinance and the offense are not the same . . .". (ECF No. 1 at 6). Plaintiff seeks a total of $1.5 million in damages.

## Discussion

The complaint does not state whether Atchison is being sued in his official or individual capacity. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant,

3

[a district court must] interpret the complaint as including only official-capacity claims." *Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his official capacity is the equivalent of naming the government entity that employs him. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989), *White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Based upon the allegations in the complaint, Atchison is employed by a police department. However, a police department is not an entity subject to suit under § 1983. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (entities such as police departments are "not juridical entities suable as such."). Additionally, the complaint fails to state a claim of municipal liability. *See Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 690-91 (1978). The complaint is therefore subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B).

Even if plaintiff had sued Atchison in his individual capacity, the complaint would be dismissed. Plaintiff does not challenge the constitutionality of the applicable traffic law. Instead, he seeks monetary relief from Atchison for violating his Fourth Amendment rights by pulling him over and citing him with a traffic violation. In support of this claim, plaintiff asserts that his vehicle's lights were not illegal.

A traffic stop is legal under the Fourth Amendment if it is supported by probable cause to believe that a violation of the law has occurred. *Whren v. United States*, 517 U.S. 806, 810 (1996); *see also PPS, Inc. v. Faulkner County, Ark.*, 630 F.3d 1098, 1107 (8th Cir. 2011) (for a plaintiff to succeed on a Fourth Amendment unlawful seizure claim, the offending officer must have a lack of probable cause). Any traffic violation, even a minor one, creates probable cause for an officer to stop a vehicle. *United States v. Gregory*, 302 F.3d 805, 809 (8th Cir. 2002). A traffic stop can also

4

be justified by a lesser showing of a "reasonable suspicion" pursuant to *Terry v. Ohio*, 392 U.S. 1 (1968). *United States v. Winters*, 491 F.3d 918, 921 (8th Cir. 2007).

The standard by which a court determines whether an officer's actions are justified is an objective one. *United States v. Mallari*, 334 F.3d 765, 766–67 (8th Cir. 2003). The officer must "objectively [have] a reasonable basis for believing that the driver has breached a traffic law." *Id.; see also United States v. Sanders*, 196 F.3d 910, 913 (8th Cir. 1999). The officer's belief can be considered objectively reasonable even if it was mistaken. *Sanders*, 196 F.3d at 913. The Court does not make its determination with the vision of hindsight, but instead by looking to what the officer reasonably knew at the time. *Id.* (internal citation omitted).

Applying *Sanders*, the Court concludes that plaintiff's allegations do not allow the Court to reasonably infer that Atchison lacked an objectively reasonable basis to believe plaintiff breached a traffic law. Plaintiff alleges that during the traffic stop, Atchison told him that his vehicle's lights were not bright enough, and that Atchison "wrote on the citation about the accent lights which are not illegal." (ECF No. 1 at 5). Taking these allegations as true, they establish that Atchison had an objectively reasonable basis to believe that plaintiff breached a traffic law because he believed plaintiff's lights were too dim. They also tend to establish that Atchison believed plaintiff's vehicle had illegal accent lights. While plaintiff focuses upon the fact that his lights were not illegal, the legality of the lights is not determinative of whether the traffic stop was justified, as Atchison's belief can be considered objectively reasonable if it was mistaken. *See id.* Plaintiff also complains about the lack of video corroboration. However, the absence of video corroboration is not relevant to the issue of whether Atchison had an objectively reasonable basis to believe that plaintiff breached a traffic law. Therefore, plaintiff's allegations do not state a plausible Fourth Amendment claim against Atchison.

After carefully reading and liberally construing the complaint, the Court concludes that this case should be dismissed at this time pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff obviously took considerable time and effort in preparing the complaint. It is therefore unlikely that the problems with the complaint could be cured by permitting plaintiff to file an amended pleading.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (ECF No. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 15th day of November, 2019.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE